UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FITZGIBBON,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | Case No.  3:23-cv-06030-JSC<br><br>**ORDER RE: APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 5 |

      James Fitzgibbon filed this action against Select Portfolio Servicing, Inc. to halt a mortgage foreclosure.  His complaint alleges violations of California Civil Code §§ 2923.7, 2924c-d, 3273.11, and California Business and Professional Code § 17200 et seq., as well negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and promissory estoppel claims.  (Dkt. No. 1.)

      Plaintiff purchased real property (the "Property") located at 652 Wildcat Canyon Rd. Berkeley, California in 2017. (Dkt. No. 1 ¶¶ 11-12.)  Defendant Select Portfolio Servicing is Plaintiff's loan servicer.  (*Id*. at ¶ 3.)   Plaintiff fell behind on his mortgage payments in 2021 and Defendant offered him a COVID forbearance plan.  (*Id*. at ¶¶ 15-17.)  In March 2022, following the end of the forbearance plan, Plaintiff resumed making regular monthly payments on the loan.  (*Id*. at ¶ 22.)  Nine months later, Defendant suddenly began rejecting the payments and Plaintiff was advised his loan was in default and would proceed to foreclosure.  (*Id.* at ¶¶ 24-25.)  Defendant refused Plaintiff's request for loan modification or a repayment plan.  (*Id*. at ¶ 29.)   On June 14, 2023, Defendant recorded a notice of default, and three months later, Plaintiff received a notice of a trustee's sale scheduled for November 28, 2023.  (*Id*. at ¶¶ 34-35.)

      Before the Court is Plaintiff's application for an ex parte temporary restraining order.

(Dkt. No. 5.) Having reviewed the complaint, briefing, and supporting declarations, and having held a hearing by video at which counsel for both parties appeared, the Court GRANTS a temporary restraining order, enjoining Defendant or its agents from selling the Property absent a further order from this Court. *See* Fed. R. Civ. P. 65(b). Plaintiff has shown that he will suffer irreparable injury if the sale proceeds before this matter can be heard, (Dkt. No. 15-3 ¶ 23), he attempted to provide notice to Defendant (Dkt. No. 9), and accepting his allegations as true, a likelihood of success on the merits. The temporary restraining order shall take place immediately and shall remain in effect until 5:00 p.m. on February 2, 2024.

The application will be treated as a motion for a preliminary injunction. Accordingly, the Court orders Defendant to show cause why a preliminary injunction should not issue to restrain and enjoin the sale of Plaintiff's Property pending trial of this action. As the parties agreed at the TRO hearing, a hearing on the motion is set for Thursday, February 1, 2024, at 9:00 a.m. via Zoom video. Defendant shall file its response to the motion by January 11, 2024. Plaintiff may file a reply by January 18, 2024.

This Order disposes of Docket No. 5.

**IT IS SO ORDERED.**

Dated: November 28, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge